United States District Court
Southern District of Texas
**ENTERED**
January 23, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | |
|---|---|
| AUSTIN LEWIS, § | |
| § | |
| Plaintiff. § | |
| § | |
| V. § | CIVIL ACTION NO. 3:25-cv-00201 |
| § | |
| OFFICER TAUCH, *et al.*, § | |
| § | |
| Defendants. § | |

## MEMORANDUM OPINION, ORDER, AND RECOMMENDATION

The live pleading is Plaintiff Austin Lewis's First Amended Complaint. *See* Dkt. 17. Lewis is representing himself in this litigation. Defendants Logan Frankland, Dennis Gardner, Christopher McNeil, and the City of Galveston have filed a motion to dismiss Lewis's First Amended Complaint. *See* Dkt. 19. In his response to the motion to dismiss, Lewis introduces new factual allegations not contained in his First Amended Complaint. As a general rule, factual allegations raised for the first time in a response to a motion to dismiss are not part of the pleadings to be considered for purposes of the motion to dismiss. *See Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) ("Because the court reviews only the well-pleaded facts in the complaint, it may not consider new factual allegations made outside the complaint.").

"[W]hen a *pro se* plaintiff raises a new claim for the first time in response to a motion to dismiss, a court may liberally construe the response as a motion to amend the complaint." *Egwurube v. Discover Fin. Servs.*, No. 3:20-cv-00292, 2021 WL 260769, at *4 (S.D. Tex. Jan. 4, 2021) (citing *Cash v. Jefferson Assocs., Inc.*, 978 F.2d 217, 218 (5th Cir. 1992)). Given Lewis's pro se status, *see Jackson v. Reese*, 608 F.2d 159, 160 (5th Cir. 1979), and a district court's obligation to freely grant leave to allow a plaintiff to file an amended complaint when justice so requires, *see* Fed. R. Civ. P. 15(a)(2), I will give Lewis yet another chance to amend

his complaint.[1] This is a third bite at the apple. Lewis should include in the Second Amended Complaint **all** factual allegations he seeks to advance in this case. To be clear, this is the last chance Lewis will have to amend his complaint before I test the sufficiency of the complaint on a motion to dismiss.

Lewis's Second Amended Complaint must be filed by February 13, 2026. Defendants must answer the lawsuit or file a motion to dismiss by March 6, 2026. Lewis must respond to the motion to dismiss by March 27, 2026. Defendants may file a reply in support of the motion to dismiss by April 3, 2026.

Because I am allowing Lewis to file a Second Amended Complaint, I recommend Defendants' motion to dismiss Lewis's First Amended Complaint (Dkt. 19) be denied as moot. Because I have recommended that Defendants' motion to dismiss be denied as moot, Plaintiff's Motion to Strike Defendants' Improper Factual Assertions in Support of Their Rule 12(b)(6) Motion (Dkt. 23) is denied as moot.

The parties have 14 days from service of this Memorandum and Recommendation to file written objections. See 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.

SIGNED this 23rd day of January 2026.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE

---

[1] A motion for leave to amend is a nondispositive pretrial matter properly decided by a magistrate judge. *See Talbert v. Am. Risk Ins. Co.*, 405 F. App'x. 848, 851 (5th Cir. 2010).