United States District Court
Southern District of Texas

**ENTERED**

March 26, 2026

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | | |
|---|---|---|
| AUSTIN LEWIS, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:25-cv-00201 |
| | § | |
| OFFICER TAUCH, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION

Pending before me is a motion to dismiss filed by Defendants Officer Dennis Gardner, Officer Logan Frankland, Sergeant Christopher McNeil, and the City of Galveston. *See* Dkt. 35. Having reviewed the briefing, the record, and the applicable law, I recommend that the motion be granted. I also recommend that Lewis's claims against the still-unserved Officer Hunter Tauch in his individual capacity be sua sponte dismissed for failure to timely effect service, and the claims against Tauch in his official capacity be dismissed as redundant.

## BACKGROUND[1]

Plaintiff Austin Lewis, representing himself, brings this lawsuit asserting claims against four Galveston Police Department officers and the City of Galveston (the "City") under 42 U.S.C. § 1983. Lewis alleges violations of his constitutional rights to be free from unreasonable seizure, wrongful arrest, deprivation of liberty without due process, and retaliation for protected speech. Lewis's claims arise from an interaction with Gardner, Frankland, McNeil, and Tauch (collectively, the "Officers") on the early morning of May 13, 2023.

---

[1] On January 23, 2026, I gave Lewis until February 13, 2026, to file a Second Amended Complaint including all factual allegations and legal theories he seeks to advance in this case. *See* Dkt. 29 at 2. Lewis did not file an amended complaint. Accordingly, this background section is derived from Lewis's First Amended Complaint (Dkt. 17) and, at this juncture, I take all of Lewis's well-pleaded facts as true.

According to Lewis, the Officers executed a traffic stop near the vicinity of 3300 Avenue K in Galveston, Texas around midnight on May 13, 2023. Lewis was in the vicinity of the traffic stop as it occurred. At some point, Lewis verbally criticized the Officers and used profane and offensive language, but did not physically interfere with the Officers or threaten them or any bystanders. The Officers handcuffed and detained Lewis because a bystander in the area appeared to be offended by the content of Lewis's speech. Lewis was released without any charges being filed against him.

On May 13, 2025, Lewis instituted this lawsuit against Defendants. Lewis asserts § 1983 claims of unlawful detention, unlawful arrest, deprivation of liberty without due process, First Amendment retaliation, and several Texas state-law tort claims against the Officers. Lewis claims the City of Galveston is also liable because it has a policy, procedure, custom, practice, or protocol of: (1) tolerating unlawful detentions and arrests based on protected speech; (2) failing to adequately train or supervise officers regarding citizens' First Amendment rights; (3) failing to properly investigate or discipline officers who engage in retaliatory detention or arrest of citizens; and (4) a pattern of condoning or failing to correct conduct whereby citizens are detained or handcuffed for non-criminal speech. Lewis also asserts a Texas state law negligence claim against the City.

The Officers move to dismiss Lewis's claims, arguing that (1) they are entitled to qualified immunity, and (2) Lewis fails to state a claim against them.[3] The City moves to dismiss for failure to state a claim. To date, Lewis has not filed a response to the motion to dismiss. Even so, the Fifth Circuit has held that it is improper to grant a motion to dismiss solely based on a plaintiff's failure to respond. *See Johnson v. Pettiford*, 442 F.3d 917, 918–19 (5th Cir. 2006). Accordingly, I will consider the motion to dismiss on the merits.

---

[3] Tauch is not a movant, because he has not been served. But the Officers' arguments apply with equal force to Tauch, which is an independent reason for the court to sua sponte dismiss Lewis's claims against Tauch.

## LEGAL STANDARD

### A.    RULE 12(b)(6) MOTION TO DISMISS

Defendants are entitled to dismissal if Lewis's complaint "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although a complaint need not contain detailed factual allegations, it "must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true raise a right to relief above the speculative level." *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quotation omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Nor will legal conclusions couched as factual allegations satisfy this standard. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986).

I must accept "all well-pleaded facts as true and view[] those facts in the light most favorable to the plaintiff." *True v. Robles*, 571 F.3d 412, 417 (5th Cir. 2009) (quotation omitted). "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (cleaned up). "Liberal construction is afforded to *pro se* litigants to serve as a shield, in line with the 'congressional goal of assuring equality of consideration for all litigants' behind the federal *in forma pauperis* statute." *Carmouche v. Hooper*, 77 F.4th 362, 368 (5th Cir. 2023) (quoting *Denton v. Hernandez*, 504 U.S. 25, 32 (1992)). Pro se litigants are not excused, however, from complying with the Federal Rules of Civil Procedure. *See Carmouche*, 77

3

F.4th at 368 (noting that pro se complaints must still comply with Rule 8's notice pleading requirement).

### B.      42 U.S.C. § 1983

 Section 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . , subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quotation omitted).

To establish § 1983 liability against the Officers, Lewis must "(1) allege a violation of a right secured by the Constitution or laws of the United States" and (2) demonstrate that the Officers were "acting under color of state law." *Moore v. Willis Indep. Sch. Dist.*, 233 F.3d 871, 874 (5th Cir. 2000).

Municipalities like the City are not liable under § 1983 based solely on their employees' actions. *See Valle v. City of Houston*, 613 F.3d 536, 541 (5th Cir. 2010). Lewis may prevail against the City only if "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by [the City]'s officers." *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 690 (1978). Establishing the City's liability under § 1983 requires Lewis to identify: "(1) an official policy (or custom), of which (2) a policymaker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose moving force is that policy or custom." *Valle*, 613 F.3d at 541–42 (quotation omitted).

## ANALYSIS

### A.    LEWIS'S CLAIMS ARE NOT TIME-BARRED

Before reaching the merits of Defendants' motion to dismiss, I must first address Defendants' contention that Lewis's claims are barred by the statute of limitations. *See* Dkt. 35 at 17.

"Because there is no federal statute of limitations for civil rights actions brought pursuant to 42 U.S.C. § 1983, a federal court borrows the forum state's general personal injury limitations period." *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993). "In Texas, the applicable limitations period is two years." *Id.* at 256–57 (citing Tex. Civ. Prac. & Rem. Code § 16.003(a)). Although Texas provides the limitations period, "federal law governs when a cause of action under § 1983 accrues. Under federal law, a cause of action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Gartrell*, 981 F.2d at 257 (cleaned up).

Lewis complains of constitutional violations occurring on May 13, 2023. *See* Dkt. 17. On May 13, 2025, Lewis filed an application to proceed in forma pauperis, to which his complaint was attached. *See* Application to Proceed In Forma Pauperis, *Lewis v. Officer Tauch, et al.*, No. 3:25-mc-00012 (S.D. Tex. May 13, 2025), ECF No. 1. "For statute of limitations purposes, a complaint in an action in which leave to proceed in forma pauperis is requested is generally deemed to have been filed on the day the motion [to proceed in forma pauperis] is received by the clerk." *Walter v. Ports Am.*, No. 4:09-cv-3663, 2011 WL 5415176, at *4 (S.D. Tex. Nov. 8, 2011) (collecting cases). Because Lewis's complaint was attached to his application to proceed in forma pauperis, the clerk received the complaint on May 13, 2025, exactly two years after the first alleged violation of Lewis's constitutional rights. Accordingly, Lewis's claims are timely.

### B.    THE CAD REPORT AND BODY CAMERA FOOTAGE

Having established that Lewis's claims are timely, I must answer a second threshold question: whether it is appropriate to consider evidence of the events

described in Lewis's complaint at this early stage. Movants attach a Computer-Aided Dispatch Report ("CAD Report") of the encounter and a clip of video footage from Officer Tauch's body camera to their motion to dismiss. *See* Dkt. 35-1 (CAD Report); Dkt. 20 (body camera footage). Defendants argue that "[r]ecordings and documents central to Plaintiff's claims assist in establishing the basis for [this] suit" and that this court may "take judicial notice of public records when assessing the sufficiency of pleading allegations." Dkt. 35 at 14–15. Defendants also posit that

> Recordings before the Court blatantly contradict assertions that all[:]; (1) "Defendants" detained Plaintiff, placed him in handcuffs, and restricted his freedom of movement."; "Defendants stated justification for detaining Plaintiff was that a bystander appeared to be offended by Plaintiff's speech."; "Defendants" [or that *any* Defendant] arrested Plaintiff. The recordings establish that Sergeant McNeil is the only Defendant who interacted with Plaintiff, and that Sergeant McNeil merely performed a temporary investigative detention, not an arrest.

*Id.* at 15 (cleaned up).

The general rule is that courts should consider "the contents of the pleadings and the attachments thereto when deciding a motion to dismiss under Rule 12(b)(6)." *Villarreal v. Wells Fargo Bank, N.A.*, 814 F.3d 763, 766 (5th Cir. 2016). I may, however, consider "documents that a defendant attaches to a motion to dismiss if they are referred to in the plaintiff's complaint and are central to [his] claim." *Id.* (cleaned up).

### 1.    *The Body Camera Footage Is Not Referred to in Lewis's Complaint or Central to Lewis's Claims*

Defendants incorrectly argue that Lewis referenced the body camera footage in his complaint. *See* Dkt. 35 at 15. Lewis does not make a single reference to body camera footage in his complaint. *See* Dkt. 17. The lack of reference to the footage in Lewis's complaint is reason enough not to consider it. *See Ambler v. Williamson County*, No. 1-20-cv-1068, 2021 WL 769667, at *3 (W.D. Tex. Feb. 25, 2021) (declining to consider video footage at motion to dismiss stage when the plaintiff did not refer to it in his complaint).

6

I also refuse to consider the footage because "merely depicting allegations in a complaint does not make that video central to a plaintiff's claims." *Nunn v. Converse Police Dep't*, No. SA-24-cv-935, 2025 WL 2673904, at *1 (W.D. Tex. Sept. 17, 2025); *see also Zeng v. City of Joshua*, No. 3:23-cv-1570, 2025 WL 847885, at *3 (N.D. Tex. Mar. 18, 2025); *Ramos v. Taylor*, 646 F. Supp. 3d 807, 815 (W.D. Tex. 2022); *Ambler*, 2021 WL 769667, at *3.

### 2.    *The CAD Report Is Not Central to Lewis's Claims*

Lewis makes two references to the CAD Report in the First Amended Complaint. *See* Dkt. 17 at 2 ("Defendants . . . initiated contact with [Lewis] during what was recorded as a traffic stop according to police CAD Report No. 2023-255359."); *id.* at 3 ("[A] report note indicates that 'the subject recanted and stated that he was not offended.'"). These passing references to the CAD Report, however, do not automatically make the document admissible at the motion to dismiss stage. *See Bass v. Jackson*, 776 F. Supp. 3d 535, 545 (E.D. Tex. 2025). As already noted, "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000) (quotation omitted). I find it illuminating that Lewis does not rely on the CAD Report "to establish an element of [his] claim." *Dawes v. City of Dallas*, No. 3:17-cv-01424, 2020 WL 3603090, at *2 (N.D. Tex. July 2, 2020). As such, the CAD Report is better classified as central to Defendants' defenses rather than central to Lewis's claims. *See Scanlan v. Tex. A&M Univ.*, 343 F.3d 533, 537 (5th Cir. 2003) (holding that attachments to motion to dismiss were not central to the plaintiff's claims but "much more central to the [defendants]' defenses."). I will, therefore, not consider the CAD Report in ruling on the motion to dismiss.

### 3.    *The Evidence Is Not Properly Subject to Judicial Notice*

Defendants argue that I may take judicial notice of matters of public record without converting the motion to dismiss into a motion for summary judgment.[4] I decline to do so. Notably, the body camera footage attached to Defendants' motion to dismiss is only *one* account of the events that occurred. The footage does not capture Lewis's conduct, speech, or the full scope of the interaction between him and the Officers. Because "[t]he actions and statements contained within the videos are neither 'generally known within the trial court's territorial jurisdiction' nor 'accurately and readily determined from sources whose accuracy cannot reasonably be questioned,'" it would be improper to take judicial notice of the contents of the body camera footage for purposes of a motion to dismiss. *Polnac v. City of Sulphur Springs*, 555 F. Supp. 3d 309, 325 (E.D. Tex. 2021) (quoting Fed. R. Evid. 201(b)) (declining to judicially notice body camera footage at the 12(b)(6) stage). Nor have Defendants shown that the footage qualifies as a public record. *See Smith v. City of Greensboro*, No. 1:19cv386, 2020 WL 1452114, at *4 (M.D.N.C. Mar. 25, 2020) (ignoring defendant's request to judicially notice body camera footage at the motion to dismiss stage). Similarly, I see no need to take judicial notice of the CAD Report at this stage, as the facts contained within it are "subject to reasonable dispute." Fed. R. Civ. P. 201(b).[5]

### C.    OFFICIAL CAPACITY SUITS SHOULD BE DISMISSED AS REDUNDANT

The Officers are all sued in their individual and official capacities. *See* Dkt. 17 at 1–2. "[A]n official-capacity suit is, in all respects other than name, to be treated

---

[4] Defendants do not specify whether they want me to take judicial notice of the fact that the body camera footage exists, or to take as true the contents of the footage for purposes of determining whether Defendants' actions were reasonable. I assume that Defendants intend the latter.

[5] Defendants' argument that "[w]hen a document is filed with the court, it is filed in the public record, and that is when the document becomes a judicial record" is too clever. Dkt. 35 at 15. If all it takes to get a court to judicially notice evidence on a motion to dismiss without converting the motion to one for summary judgment is to simply file the evidence on the court's docket and pronounce it a public record, then the law about considering only the four corners of the plaintiffs' pleading would be meaningless.

as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). "Thus, when a plaintiff asserts claims against both the municipal entity and a municipal official in his or her official capacity, the Court can dismiss the official capacity claim as 'redundant' to the municipal-entity claim." *Bustillos v. El Paso Cnty. Hosp. Dist.*, 226 F. Supp. 3d 778, 789 (W.D. Tex. 2016) (quoting *Sanders-Burns v. City of Plano*, 594 F.3d 366, 373 (5th Cir. 2010)), *aff'd*, 891 F.3d 214 (5th Cir. 2018). Because Lewis has sued the City, I recommend that Lewis's claims against all the Officers in their official capacities—Tauch, Frankland, Gardner, and McNeil—be dismissed as redundant.

**D. LEWIS'S CLAIMS AGAINST TAUCH SHOULD BE DISMISSED FOR FAILURE TO TIMELY EFFECT SERVICE**

"If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant." Fed. R. Civ. P. 4(m). "Pro se status does not excuse a litigant's complete failure to effect service." *Sys. Signs Supplies v. U.S. Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990).

Lewis instituted this lawsuit on May 13, 2025, and had until August 11, 2025, to serve Tauch. Lewis made two attempts to serve Tauch, both unsuccessful. *See* Dkts. 13, 28. Over 10 months have passed since Lewis's filed his complaint, and Tauch has still not been served. Because Lewis has failed to timely effect service on Tauch, I recommend that his claims against Tauch be sua sponte dismissed.

**E. QUALIFIED IMMUNITY**

Law enforcement officers sued in their individual capacity under § 1983 are entitled to assert the defense of qualified immunity, which is "an *immunity from suit* rather than a mere defense to liability." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). "Qualified immunity protects government officials from civil liability in their individual capacity to the extent that their conduct does not violate clearly established statutory or constitutional rights." *Cass v. City of Abilene*, 814 F.3d 721, 728 (5th Cir. 2016). It is a judicially created doctrine designed to avoid "the expenses of litigation, the diversion of official energy from pressing public issues,

and the deterrence of able citizens from acceptance of public office." *Harlow v. Fitzgerald*, 457 U.S. 800, 814 (1982). The doctrine arises from "the danger that fear of being sued will dampen the ardor of all but the most resolute, or the most irresponsible public officials, in the unflinching discharge of their duties." *Id.* (cleaned up).

The Officers contend that they are each entitled to qualified immunity. To overcome their qualified immunity defenses, Lewis must allege "facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011) (quoting *Harlow*, 457 U.S. at 818). "These steps may be considered in either order." *Shumpert v. City of Tupelo*, 905 F.3d 310, 320 (5th Cir. 2018).

The first step asks whether the alleged facts "show the officer's conduct violated a constitutional right." *Saucier v. Katz*, 533 U.S. 194, 201 (2001). If Lewis's allegations, viewed favorably, do not establish a constitutional violation, no further inquiry is necessary. *See id.* The second step "asks whether the right in question was clearly established at the time of the violation." *Tolan v. Cotton*, 572 U.S. 650, 656 (2014) (quotation omitted). The Officers are "shielded from liability for civil damages if their actions did not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Hope v. Pelzer*, 536 U.S. 730, 739 (2002) (quotation omitted). "A right is clearly established only if the right's contours were sufficiently definite that any reasonable official in the defendant's shoes would have understood that he was violating it." *Mote v. Walthall*, 902 F.3d 500, 505 (5th Cir. 2018) (quotation omitted). "[T]he salient question . . . is whether the state of the law" at the time of the incident gave the Officers "fair warning that their alleged [conduct] was unconstitutional." *Hope*, 536 U.S. at 741. Lewis bears a heavy burden on this prong because a right is clearly established only if relevant precedent has "placed the . . . constitutional question beyond debate." *al-Kidd*, 563 U.S. at 741.

"[A] plaintiff seeking to overcome qualified immunity must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense with equal specificity." *Arnold v. Williams*, 979 F.3d 262, 267 (5th Cir. 2020) (quotation omitted).

### 1.    *Fourteenth Amendment Claim*

I will start with Lewis's Fourteenth Amendment claim. Lewis alleges that he "had a clearly established liberty interest in being free from arbitrary, retaliatory, and unjustified detention and restraint by government officials." Dkt. 17 at 4. Defendants move to dismiss Lewis's Fourteenth Amendment claim, arguing that "where, as here, a provision of the Constitution, the First and Fourth Amendments—provide an explicit textual source of Constitutional protection, a court must assess Plaintiff's claim under that explicit provision, and not due process." Dkt. 35 at 22. Defendants are spot-on.

The Supreme Court has expressly held that "where another provision of the Constitution provides an explicit textual source of constitutional protection, a court must assess a plaintiff's claims under that explicit provision and not the more generalized notion of substantive due process." *Conn v. Gabbert*, 526 U.S. 286, 293 (1999) (cleaned up).

Lewis brings claims under the Fourteenth Amendment for the same allegedly "physically intrusive governmental conduct" that he seeks redress for under the Fourth Amendment. *Graham v. Connor*, 490 U.S. 386, 395 (1989). "Because [Lewis's] allegations are more appropriately addressed under the Fourth Amendment, [his] Fourteenth Amendment due process claim must be dismissed." *Limon v. City of Laredo*, No. 5:24-cv-113, 2025 WL 2208851, at *8 (S.D. Tex. Aug. 4, 2025). Thus, I recommend Lewis's Fourteenth Amendment claims be dismissed.

### 2.    *First and Fourth Amendment Claims*

Lewis's First and Fourth Amendment claims both suffer from the same fatal defect: Lewis fails to identify personal involvement by any of the Officers. For

example, Lewis alleges that "*Defendants* detained Plaintiff, placed him in handcuffs, and restricted his freedom of movement." Dkt. 17 at 2 (emphasis added). But Lewis must specify *which* Defendant detained him, placed him in handcuffs, and restricted his freedom of movement to plausibly state a claim. He does not do so for any of his claims.

Lewis alleges that "*Defendants'* decision to detain, handcuff, and restrict Plaintiffs liberty was substantially motivated by Plaintiff's protected speech and the content of that speech". *Id.* at 3 (emphasis added). He goes on to allege that "*Defendants*, . . . detained Plaintiff without reasonable suspicion that he had committed, was committing, or was about to commit a criminal offense." *Id.* at 4 (emphasis added). Finally, he alleges that "*Defendants* . . . subjected him to an arrest or de facto arrest within the meaning of the Fourth Amendment." *Id.* (emphasis added). None of these allegations tell me who specifically performed an alleged unlawful action.

Lewis's non-specific, group-pleading allegations cannot withstand a motion to dismiss. *See Armstrong v. Ashley*, 60 F.4th 262, 274–75 (5th Cir. 2023) ("[A] § 1983 plaintiff 'must plead that each Government-official defendant, th[r]ough the official's own individual actions, has violated the Constitution." (quoting *Iqbal*, 556 U.S. at 676)); *Martinez v. City of N. Richland Hills*, 846 F. App'x. 238, 243 (5th Cir. 2021) ("[A]llegations based on a theory of collective responsibility cannot withstand a motion to dismiss." (quotation omitted)). Accordingly, Lewis's unlawful detention, unlawful arrest, and First Amendment retaliation claims must be dismissed.[7]

## F.   THE CITY OF GALVESTON

For all the reasons discussed above, Lewis has not established a constitutional violation. Because Lewis has not established a constitutional violation, his claims against the City must be dismissed. *See Romero v. City of*

---

[7] I recommend that Lewis's First, Fourth, and Fourteenth Amendment claims against Tauch be sua sponte dismissed for the same reasons.

*Grapevine*, 888 F.3d 170, 178 (5th Cir. 2018) (holding that claims against a municipality "cannot survive" where the plaintiff "failed to demonstrate" a constitutional violation); *Whitley v. Hanna*, 726 F.3d 631, 648 (5th Cir. 2013) ("All of Whitley's inadequate supervision, failure to train, and policy, practice, or custom claims fail without an underlying constitutional violation.").

### G. STATE LAW CLAIMS

Lewis alleges Texas state law claims of negligence, false imprisonment, and assault against the Officers and a Texas state law claim of negligence against the City. *See* Dkt. 17 at 6. Defendants move to dismiss the claims on the grounds that

> The alleged facts show that the claims [Lewis] asserts under Texas law are intentional torts that provide no basis for waiving governmental immunity . . . [and] the City is immune from [Lewis]'s claims asserted under Texas law because [he] has not alleged facts which show that his alleged injury was caused by a condition or governmental employee's use of tangible property, as required to state a claim that overcomes immunity under Tex. Civ. Prac. & Rem. Code § 101.021.

Dkt. 35 at 31.

### 1. The City of Galveston

"A Texas governmental unit is generally immune from tort liability unless the legislature has somehow waived immunity." *Forgan v. Howard County*, 494 F.3d 518, 520 (5th Cir. 2007). "The Tort Claims Act expressly waives sovereign immunity in three areas: use of publicly owned automobiles, premises defects, and injuries arising out of conditions or use of property." *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225 (Tex. 2004) (quotation omitted).

Texas has not waived sovereign immunity for negligence in all situations. *See id.* Further, Lewis has not alleged any acts that have occurred related to the use of publicly owned automobiles, premises defects, or injuries arising out of conditions or use of property. Thus, I recommend that Lewis's negligence claim against the City be dismissed.

### 2.    *The Officers*

"[W]hen a plaintiff sues both a governmental unit and its employees in tort, as [Lewis] did here, section 101.106(e) requires that the employees shall immediately be dismissed on the filing of a motion by the governmental unit." *Univ. of Tex. Health Sci. Ctr. at Houston v. Rios*, 542 S.W.3d 530, 537 (Tex. 2017) (quotation omitted). "Recovery against a government employee is barred when suit is filed against an employee whose conduct was within the scope of his or her employment and the suit could have been brought against the governmental unit." *Zeng v. Tex. Tech Univ. Health Sci. Ctr. at El Paso*, 836 F. App'x. 203, 213 (5th Cir. 2020) (quotation omitted).

Because Lewis has brought a negligence claim against the City, his negligence claims against the Officers must be dismissed. *See Tex. Dep't of Pub. Safety v. Petta*, 44 S.W.3d 575, 580 (Tex. 2001).

As to the false imprisonment and assault claims against the Officers, I recommend these claims be dismissed because the Officers were all acting within the scope of their employment during their encounter with Lewis, and because Lewis could have asserted these claims against the City. *See Alexander v. Walker*, 435 S.W.3d 789, 791 (Tex. 2014).

### CONCLUSION

For the reasons discussed above, I recommend that Defendants' motion to dismiss (Dkt. 35) be granted. I also recommend that the court sua sponte dismiss Lewis's claims against Tauch for failure to timely effect service of process and because, as demonstrated above, Lewis cannot state a claim against any defendant.

The parties have 14 days from service of this Memorandum and Recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.

SIGNED this 26th day of March 2026.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE